USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Marie Claudine Josephine Dugue Vil,

Plaintiff,

-against-

General Motors LLC,

Defendant.

---------------------------------------------------------------X

25-cv-07881-JGLC-VR

**ORDER GRANTING FULL SCOPE PRO BONO COUNSEL**

**VICTORIA REZNIK, United States Magistrate Judge:**

The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for the purpose of conducting discovery and amending the complaint in the above-captioned action. Counsel will file a Notice of Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in

civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed in Forma Pauperis (IFP) (ECF No. 2), which the Court granted (ECF No. 4). Plaintiff therefore qualifies as indigent.

In her operative complaint, Plaintiff asserts claims under state law for, among other things, negligence, "strict products liability," failure to warn, and breach of an express or implied warranty. (ECF No. 10 at 4–7). She alleges that she purchased a vehicle in August 2022 that was manufactured by Defendant General Motors LLC. (*Id.* at 2 ¶ 1). At the time she purchased the vehicle, it was allegedly under two safety recalls by the National Highway Traffic Safety Administration; one for missing bolts increasing the possibility of a fluid leak that could cause a fire if near an ignition source, and one for missing bolts that could cause a front seat to move unexpectedly. (*Id.* at 2–3 ¶ 6). In October 2022, Plaintiff's vehicle was struck by another vehicle while driving. (*Id.* at 3 ¶ 7). The impact caused her vehicle to explode and become engulfed in fire, which caused her to suffer serious personal injuries that required multiple surgeries and a lengthy recovery. (*Id.* at 3–4 ¶¶ 8–10).

The Court finds that pro bono counsel is warranted here. Plaintiff's amended complaint has already survived a motion to dismiss. (ECF No. 26) Thus, the Court has already determined that her claims are "likely to be of substance." *Hodge*, 802 F.2d 61–62; *see also Arriaga v. Annucci*, 23 CV 1941 (VB), 2026 WL 483185, at *2 (S.D.N.Y. Feb. 20, 2026) (concluding plaintiff's claims were likely to be of substance because they survived prior motion to

dismiss). The other *Hodge* factors also weigh in favor of granting Plaintiff's application. The subject matter of this case involves highly technical topics about her vehicle's design, manufacture, and operation, all of which will make it difficult for Plaintiff to investigate the crucial facts of the case, argue the complex legal issues regarding her claims, and present her case. Here, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

But Plaintiff should also be aware of another option available to her. There is a Pro Se Law Clinic available to assist self-represented parties in civil cases, which may also be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center (CBJC); it is not part of, or run by, the Court (and, among

other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the CBJC's intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).[1]

**CONCLUSION**

For the foregoing reasons, the Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for the purpose of conducting discovery and amending the complaint in the above-captioned action. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that the Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the

[1] The intake form must be completed electronically, and is available at: https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/. In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10 a.m. to 4 p.m. Appointments are also available remotely Monday through Friday, 10 a.m. to 4 p.m.

volunteer be declined, the court will locate another. In either instance, plaintiff should be prepared to proceed with the case pro se.

Plaintiff must write to the Court by September 21, 2026, to state whether or not she has an objection to the Court seeking pro bono representation.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

DATED: White Plains, New York
9/9/2026

VICTORIA REZNIK
United States Magistrate Judge